IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

```
RALPH ROSARIO-DIAZ              *
                                *
     Petitioner                 *
                                *
v.                              *    Civil No. 03-1998(SEC)
                                *
UNITED STATES OF AMERICA        *
                                *
     Respondent                 *
*********************************
```

**OPINION AND ORDER**

Before the Court is Petitioner's verified motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 **(Docket #1)**. On October 3, 2003 the Court referred this case to Magistrate-Judge Aida Delgado-Colón for a Report and Recommendation **(Docket # 2)**. On February 9, 2004 Magistrate Delgado-Colón held an evidentiary hearing and, on April 27, 2004, she issued her report, recommending that the petition be granted in part and denied in part **(Docket # 12)**. Specifically, the Magistrate recommended that Petitioner's claims pertaining to ineffective assistance of counsel due to the involuntariness of his guilty plea, failure to object during sentencing, and failure to file a motion to dismiss the indictment due to alleged violation of the "Petite Policy" be denied; and that Petitioner's claim pertaining to ineffective assistance of counsel for failure to file an appeal from the sentencing judgment in Crim.No.00-153(SEC) be granted. The Magistrate then recommended that the Court proceed to vacate the sentence of 262 months of imprisonment imposed on Petitioner in Criminal Case 00-153(SEC) on September 5, 2002 (Docket # 113) and summarily reimpose a sentencing judgment identical in all respects to the earlier judgment but with a new date of entry. See Docket # 12 at pp. 17-20. This new sentencing judgment would allow Petitioner to appeal his conviction in Crim.No. 00-153 (SEC) and cure any defect which could have been caused by his attorney's failure to file an appeal at the time in which judgment was originally entered against Petitioner.

The Government has not objected to the Magistrate's recommendation. Petitioner has

**Civil No. 03-1998 (SEC)**                                                                                          2

filed a *pro se* motion seeking that the Court appoint him an attorney for his appeal while not objecting, at this time, to the additional findings made by the Magistrate (Docket # 14). Accordingly, there being no objections to the Magistrate's report and the time allotted for the same having expired, the Court will **APPROVE** and **ADOPT** the Magistrate's Report and Recommendation, **GRANT in part and DENY in part** Petitioner's motion, and **DISMISS WITH PREJUDICE** the above captioned action.

### Standard of Review

The scope of review of a Magistrate's recommendation is set forth in 28 U.S.C. § 636(b)(1)(c). This section provides that "[a] judge of the [district] court shall make a de novo determination of those portions of the report or specified findings or recommendations to which [an] objection is made." Id. The Court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate," however, if the affected party fails to timely file objections,"'the district court can assume that they have agreed to the magistrate's recommendation.'" Alamo-Rodríguez v. Pfizer Pharm., Inc., 286 F. Supp. 2d 144, 146 (D.P.R. 2003) (quoting Templeman v. Chris Craft Corp., 770 F.2d 245, 247 (1st Cir. 1985)). Thus, no review is required of those issues to which objections are not timely raised. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987). In fact, a party who fails to file any objections to the Magistrate Judge's Report and Recommendation within ten days of its filing waives his or her right to appeal from the district court's order. Henley Drilling Co. v. McGee, 36 F.3d 143, 150-51 (1st Cir. 1994); United States v. Valencia-Copete, 792 F.2d 4, 5 (1st Cir. 1986); Davet v. Maccarone, 973 F.2d 22, 30-31 (1st Cir. 1992) ("[f]ailure to raise objections to the Report and Recommendation waives that party's right to review in the district court and those claims not preserved by such objection are precluded on appeal").

### Analysis and Conclusion

Neither party has objected to the Magistrate Judge's Report and Recommendation,

**Civil No. 03-1998 (SEC)** 3
_____

thus we are not required by law to review it. However, upon review, we find no fault with Magistrate Judge Delgado-Colón's assessment and thus **APPROVE** and **ADOPT** her Report and Recommendation as our own. Consequently, Petitioner's motion is **GRANTED in part and DENIED in part**. Co-defendant Rosario-Díaz sentencing judgment entered on September 5, 2002 (Docket # 113) in Crim.No. 00-153(SEC) is hereby **VACATED** and a new identical sentencing judgment will be imposed with a new date of entry. The Federal Public Defender is hereby **APPOINTED** to represent Mr. Rosario-Díaz in his appeal. Co-defendant Rosario-Díaz may file his notice of appeal in Crim.No. 00-153(SEC) **within ten (10) days** of the entry of the new sentencing judgment discussed above. The Clerk of the Court is instructed to notify Co-defendant Rosario-Díaz and the Federal Public Defender's Office of this order forthwith. The above captioned action will be **DISMISSED WITH PREJUDICE**. Judgment shall be entered accordingly.

        **SO ORDERED.**
In San Juan, Puerto Rico, this 5th day of April, 2006.

                          S/ *Salvador E. Casellas*
                          SALVADOR E. CASELLAS
                          U.S. Senior District Judge